883 F.2d 70
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James WHITE, Jr., Petitioner-Appellant,
v.
Randy E. LEE, Superintendent; Attorney General of North
Carolina, Respondents-Appellees.
 No. 89-7590.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 15, 1989.
Decided Aug. 4, 1989.
Rehearing Denied Sept. 18, 1989.
 
 James White, Jr., appellant pro se.
 Barry Steven McNeill, Office of the Attorney General of North Carolina, for appellees.
 Before DONALD RUSSELL and WILKINS, Circuit Judges and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 James White, a North Carolina prisoner, appeals the dismissal of his 28 U.S.C. Sec. 2254 petition. The only issue raised in White's petition was a challenge to the identification of White by the alleged victim.[1] The district court adopted the magistrate's recommendation to dismiss White's petition based on the totality of the circumstances. We deny a certificate of probable cause and dismiss the appeal.
 
 
 2
 The essence of White's claim is that his identification by the victim was tainted because the police impermissibly suggested that he was the culprit by showing only his picture to the victim shortly after the crime. White is correct that showups like this one are "widely condemned." See Stovall v. Denno, 388 U.S. 293, 302 (1967). However, to get relief White must show more than impermissibly suggestive procedures--he must also show that the (improper) identification procedure gave rise to a "very substantial likelihood of irreparable misidentification." Simmons v. United States, 390 U.S. 377, 384 (1968). In this respect, White's claim fails because he candidly admitted in pleadings in the district court that he "is in fact guilty of the capital crime against [the victim]" and that he "does not deny the identification as not being correct." Thus, assuming, without holding, that the showup was improper, White cannot prevail because he has admitted that the identification was accurate.[2] Simmons, supra.
 
 
 3
 Accordingly, we deny a certificate of probable cause and dismiss this appeal. We dispense with oral argument because the fact and legal contentions have been adequately presented on this record and oral argument would not aid the decisional process.
 
 
 4
 DISMISSED.
 
 
 
 [1]
 White was convicted at a jury trial of first degree rape in Durham County in 1967. He was sentenced to life in prison
 
 
 [2]
 White's admissions are consistent with the overwhelming evidence of guilt--the accurate description of the victim (given before the showup); White's clothes found at the two scenes described by the victim; and testimony from White's friends that he showed up at their houses a short time after the crime needing to borrow pants and shoes. Indeed, this evidence is so conclusive that even if the identification testimony was constitutionally barred, it would have been harmless on the facts in this case. See Thompson v. Leeke, 756 F2d 314 (4th Cir.1985)